**UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | | |
|---|---|---|
| Robbie Collins, #290946, | ) | Case No. 2:26-cv-01147-RMG-MGB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | )REPORT AND RECOMMENDATION | |
| | ) | |
| Brian Kendall; | ) | |
| Joel Anderson; and | ) | |
| Major Holmes, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Robbie Collins ("Plaintiff"), a state prisoner proceeding *pro se*, brings this civil action against Defendants alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983. (Dkt. No. 1.) At issue before the Court is Plaintiff's motion for leave to proceed *in forma pauperis* ("IFP"). (Dkt. No. 2.) Under 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), the assigned United States Magistrate Judge is authorized to review all pretrial matters in this case and to submit findings and recommendations to the United States District Judge. For the reasons discussed below, the undersigned finds that Plaintiff is subject to the three-strikes rule under the Prison Litigation Reform Act of 1996, Pub. L. No. 104-134, 110 Stat. 1321–71 (1996) ("PLRA") and therefore recommends that the Court deny Plaintiff's motion to proceed IFP. (Dkt. No. 2.)

**<u>BACKGROUND</u>**

Plaintiff is currently serving a life sentence for murder under the custody of the South Carolina Department of Corrections ("SCDC") at Lieber Correctional Institution.[1] During the time Plaintiff has been incarcerated, he has filed at least twenty unsuccessful lawsuits in the United

---

[1]    *See* Incarcerated Inmate Search, http://public.doc.state.sc.us/scdc-public/inmateDetails (last visited May 11, 2026); *see also Philips v. Pitt Cty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (explaining that courts "may properly take judicial notice of matters of public record"); *Tisdale v. South Carolina Highway Patrol*, No. 0:09-cv-1009-HFF-PJG, 2009 WL 1491409, at *1 n.1 (D.S.C. May 27, 2009), *aff'd,* 347 F. App'x 965 (4th Cir. 2009) (noting that the court may also take judicial notice of factual information located in postings on government web sites).

States District Court for the District of South Carolina.[2] Plaintiff also has two lawsuits that are currently pending before this Court and have been recommended for dismissal by the assigned United States Magistrate Judge.[3] Plaintiff now brings yet another federal action alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983. Specifically, Plaintiff claims that he has been denied "outdoor recreation" and "adequate showers" from October 2024 to present, which has exacerbated his asthma, arthritis, and "other medical problems that are associated with lack of exercise and fresh air." (*See* Dkt. No. 1 at 2, referencing "sinus headaches," "extreme mucus drainage," and "inflamm[ation] in [his] joints.") Based on these allegations, Plaintiff claims that Defendants have violated his Eighth Amendment rights and seeks $150,000 in damages. (*Id.* at 5, 7.)

## APPLICABLE LAW

The PLRA requires that this Court engage in a preliminary screening of any complaint in which a prisoner seeks redress from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify "cognizable claims or dismiss the complaint, or any portion [thereof, that] is frivolous, malicious, or fails to state a claim upon

---

[2]     *See, e.g.*, *Collins v. Thompson*, Case No. 2:24-cv-01208-RMG (D.S.C. Aug. 22, 2025); *Collins v. Simpson*, Case No. 2:24-cv-00961-RMG (D.S.C. Aug. 19, 2025); *Collins v. Burdette*, Case No. 2:24-cv-00960-RMG (D.S.C. Dec. 15, 2025); *Collins v. McClary*, Case No. 2:24-cv-00737-RMG (D.S.C. Jan. 30, 2015), *appeal docketed*, No. 25-6769 (4th Cir. Sept. 11, 2025); *Collins v. Palmer*, Case No. 2:23-cv-05273-RMG (D.S.C. Oct. 28, 2025); *Collins v. Padula*, Case No. 2:23-cv-02651-RMG (D.S.C. June 28, 2024); *Collins v. Taylor*, Case No. 2:23-cv-01169-RMG (D.S.C. May 16, 2024), *affirmed*, No. 24-6569 (4th Cir. May 19, 2025); *Collins v. Bernedette*, Case No. 2:22-cv-01391-RMG (D.S.C. Mar. 7, 2025), *appeal docketed*, No. 25-6182 (4th Cir. Mar. 13, 2025); *Collins v. Stonebreaker*, Case No. 2:21-cv-01188-RMG (D.S.C. Oct. 25, 2021); *Collins v. Stonebreaker*, Case No. 2:21-cv-00991-RMG (D.S.C. Oct. 26, 2021); *Collins v. State of South Carolina*, Case No. 2:20-cv-02652-RMG (D.S.C. Sept. 20, 2020); *Collins v. Trull*, Case No. 2:20-cv-01543-RMG (D.S.C. Jan. 3, 2022); *Collins v. Stephon*, Case No. 9:18-cv-03282-RMG (D.S.C. Jan. 16, 2020), *affirmed*, No. 20-6160 (4th Cir. Dec. 17, 2020); *Collins v. Williams*, Case No. 8:18-cv-01491-RMG (D.S.C. Sept. 30, 2019); *Collins v. Williams*, Case No. 2:18-cv-01490-RMG (D.S.C. July 3, 2018); *Collins v. McFadden*, Case No. 2:15-cv-03378-RMG (D.S.C. Feb. 2, 2016); *Collins v. Mauney*, Case No. 2:14-cv-04270-RMG (D.S.C. Mar. 1, 2016); *Collins v. Padula*, Case No. 2:12-cv-03112-BHH (D.S.C. Mar. 31, 2014), *affirmed*, No. 14-6533 (4th Cir. Sept. 3, 2014); *Collins v. Padula*, Case No. 2:12-cv-00710-CMC (D.S.C. Aug. 23, 2013), *appeal dismissed*, No. 13-7589 (4th Cir. June 4, 2014); *Collins v. Major*, Case No. 8:04-cv-23310-HFF (D.S.C. Nov. 7, 2005).

[3]     *See Collins v. Williams*, Case No. 2:24-cv-05767-RMG (D.S.C.); *Collins v. Antonelli*, Case No. 2:24-cv-03915-RMG (D.S.C.).

2

which relief may be granted." 28 U.S.C. § 1915A(b)(1). As part of this screening process, the PLRA limits the ability of prisoners to file civil actions without prepayment of filing fees under what has become known as the three-strikes rule. *Jones v. Bock*, 549 U.S. 199, 203–04 (2007). The three-strikes rule, codified at 28 U.S.C. § 1915(g), provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Thus, "[w]hen a prisoner has previously filed at least three actions or appeals that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted, the [PLRA's] 'three strikes' provision requires that the prisoner demonstrate imminent danger of serious physical injury in order to proceed without prepayment of fees." *McLean v. United States*, 566 F.3d 391, 393–94 (4th Cir. 2009) (citing 28 U.S.C. § 1915(g)), *abrogated on other grounds by Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721 (2020).[4] Without a showing of imminent danger, the prisoner must prepay the filing fee in full in order to proceed with his claims. 28 U.S.C. § 1915(g).

## **DISCUSSION**

As demonstrated above, Plaintiff is a prolific litigant who has filed numerous unsuccessful civil actions in this Court. Thus, it should come as no surprise to Plaintiff that after so much frivolous litigation, the Court must finally apply the three-strikes rule to his filings under 28 U.S.C. § 1915(g). *See Blakely v. Wards*, 738 F.3d 607, 631 n.3 (4th Cir. 2013) ("Whether a court rings

---

[4]    In *Lomax v. Ortiz-Marquez*, the Supreme Court abrogated the *McLean* holding that a dismissal without prejudice for failure to state a claim does not constitute a strike under the PLRA. *See Lomax*, 140 S. Ct. at 1724 (holding that regardless of whether the dismissal is with prejudice or without prejudice, the dismissal of a prisoner's civil lawsuit, for failure to state a claim, counts as a strike under the PLRA's three-strikes rule for purposes of IFP status).

the PLRA bell in its opinion or judgment order is immaterial, so long as the summary judgment dismissal is explicitly predicated on one of the three grounds enumerated in Section 1915(g)."); *see also Pitts v. South Carolina*, 65 F.4th 141, 145 (4th Cir. 2023) (explaining that because "a district court may not contemporaneously rule that its dismissal of a complaint constitutes a strike," the responsibility falls on "a fourth (or at least later) court . . . to look backwards" and determine "whether prior suits brought by the same plaintiff were dismissed on enumerated grounds") (internal citations and quotation marks omitted).

Here, Plaintiff's three most recently decided cases before this Court each constitute strikes under the PLRA:

1.    *Collins v. Thompson*, Case No. 2:24-cv-01208-RMG (D.S.C. Aug. 22, 2025) (Dkt. No. 83 at 4, dismissing case because Plaintiff "failed to state a claim under 42 U.S.C. § 1983");

2.    *Collins v. Simpson*, Case No. 2:24-cv-00961-RMG (D.S.C. Aug. 19, 2026) (Dkt. No. 46 at 4, dismissing case because Plaintiff "failed to state a claim under 42 U.S.C. § 1983"); and

3.    *Collins v. Berdette*, Case No. 2:24-cv-00960-RMG (D.S.C. Dec. 12, 2025) (Dkt. No. 99, dismissing case because Plaintiff "failed to state a 42 U.S.C. § 1983 deliberate indifference claim").

In light of these three strikes, Plaintiff cannot proceed with the instant case *in forma pauperis* unless his claims satisfy the exception for imminent physical harm. *See* 28 U.S.C. § 1915(g). In order to invoke the "imminent danger" exception under § 1915(g), an "inmate must make specific fact allegations of ongoing serious injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *See Johnson v. Warner*, 200 F. App'x 270, 272 (4th Cir. 2006) (internal citations and quotation marks omitted). Allegations that are remote, speculative, or hypothetical do not rise to the level of "imminent danger." *See Welch v. Selsky*, No. 9:06-cv-00812-LEK-DEP, 2008 WL 238553, at *5 (N.D. N.Y. Jan. 28, 2008) ("The imminent danger an inmate faces, moreover, must be real, and not merely speculative or hypothetical.")
.

In the instant case, Plaintiff appears to argue that his institution's allegedly restrictive outdoor recreation policy has exacerbated his asthma and arthritis, resulting in symptoms like "sinus headaches" and "mucus drainage." (Dkt. No. 1 at 2.) However, the "imminent danger" exception "must be construed narrowly and applied only 'for genuine emergencies.'" *See Locklear v. Moyer*, No. 8:17-cv-03829-PX, 2018 WL 3880271, at *4 (D. Md. Aug. 15, 2018) (citing *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002)). "A physical injury is 'serious' for purposes of § 1915(g) if it has potentially dangerous consequences such as death or severe bodily harm," which does not appear to be the case from Plaintiff's relatively mild allegations.[5] *Gresham v. Meden*, 938 F.3d 847, 850 (6th Cir. 2019); *see also Rhine v. United States*, No. 5:13-cv-00031, 2013 WL 1898188, at *1 (N.D.W. Va. Apr. 9, 2013), *adopted*, 2013 WL 1898185 (N.D.W. Va. May 7, 2013) (finding claims of "back injury" and "arthritis" insufficient to demonstrate that plaintiff was "in imminent danger of serious physical injury, let alone in any danger at all").

It is also worth noting that, to the extent Plaintiff suggests that his "mental health" has been affected by the institution's outdoor recreation policy (Dkt. No. 1 at 2, 7), allegations of emotional "hardship" generally do not establish imminent danger of serious physical injury. *See Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 552 (D.S.C. 2008), 466 F. App'x 185, 186 (4th Cir. 2012) (noting that allegations of mental or emotional damages do not establish imminent danger of physical harm for purposes of the three-strikes rule); *Bryan v. McCall*, No. 5:15-cv-00871, 2016 WL 529574, at *3 (D.S.C. Feb. 10, 2016) (finding plaintiff's allegations of stress, anxiety, and disruption of his eating and sleeping cycles insufficient to establish imminent danger

---

[5]     Moreover, there is no indication from the Complaint that Plaintiff has been denied medical treatment—or has even required treatment—in relation to his purported conditions. *See Hall v. United States*, 44 F.4th 218, 227 (4th Cir. 2022) (explaining that "an individual afflicted with a chronic illness that left untreated would result in serious injury" may face imminent danger "when the illness is left untreated").

5

of serious physical harm). Because Plaintiff cannot demonstrate that he is subject to imminent danger as contemplated under § 1915(g), the undersigned finds that the three-strikes rule bars Plaintiff's motion to proceed IFP (Dkt. No. 2) and therefore recommends that the Court deny the same. Nevertheless, Plaintiff still may proceed with his Complaint by paying the full filing fee for a non-habeas civil action.

## CONCLUSION

Based on the above, it is **RECOMMENDED** that Plaintiff's motion to proceed *in forma pauperis* (Dkt. No. 2) be **DENIED**. It is further **RECOMMENDED** that Plaintiff be given **twenty-one days (21)**, from the date on which the United States District Judge rules on this Report and Recommendation, to pay the filing fee. If Plaintiff pays the filing fee within the prescribed period of time, the Clerk of Court should forward this action to the undersigned to determine if service of process should be authorized. If Plaintiff fails to pay the filing fee, however, it is **RECOMMENDED** that the Clerk of Court enter judgment dismissing this case without prejudice pursuant to the three-strikes rule under 28 U.S.C. § 1915(g).

**IT IS SO RECOMMENDED.**

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

May 19, 2026
Charleston, South Carolina

Plaintiff's attention is directed to the **important notice** on the next page.

6

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).